**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Stephen Goupil

    v.                                          Civil No. 07-cv-058-SM

Bruce W. Cattell, Warden,
New Hampshire State Prison

**O R D E R**

Before the Court for preliminary review is Stephen Goupil's petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid).  As discussed below, I find that Goupil has sufficiently demonstrated the facial validity of his petition to allow it to proceed at this time.

Background

Stephen Goupil was convicted by a jury of five counts of aggravated felonious sexual assault and one count of theft. After the jury rendered its verdict in this matter, the petitioner learned that the foreman of his jury, before, during, and after the trial, had been composing a web log (or "blog")

that included, among other things, the foreman's negative impression of criminal defendants and the judicial process. Alleging that he was denied the right to an impartial jury, petitioner sought to set aside the verdict. His motion was denied. The post-trial issue was included in Goupil's direct appeal of his conviction to the New Hampshire Supreme Court.

On September 28, 2006, the New Hampshire Supreme Court affirmed Goupil's convictions and the trial court's denial of petitioner's motion to set aside the verdict. See State v. Goupil, 908 A.2d 1256, 1268, ___ N.H. ___ (N.H. 2006). Petitioner then filed this federal habeas action alleging that his conviction violates his right to a fair trial and impartial jury as guaranteed by the Sixth and Fourteenth Amendments.

## Discussion

To be eligible for habeas relief, Goupil must show that he is both in custody and has exhausted all state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). A petitioner's remedies in New Hampshire

are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

Petitioner has alleged that he is in custody, serving a state prison sentence pursuant to the convictions in question in this case.  Also, a review of the New Hampshire Supreme Court's opinion reveals that petitioner raised his challenge to the verdict in the state courts under provisions of the state and federal constitutions.  See Goupil, 908 A.2d at 1262.  I find, therefore that the claim presented here, including the federal nature of the claim, has been properly exhausted in the state courts to allow petitioner's federal habeas action to proceed at this time.

## Conclusion

Accordingly, I direct that Goupil's petition be served on the Respondent.  See § 2254 Rule 4.  The Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:   April 2, 2007

cc:     Mark L. Sisti, Esq.